Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4247 | **DATE** | June 28, 2011 |
| **CASE TITLE** | Percy Rounds (#2010-0108113 ) vs. Dart, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The Court authorizes and orders Cook County Jail officials to deduct $5.83 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. Cermak Health Services of Cook County d/b/a/ Cook County, Illinois is dismissed as a Defendant. The Clerk shall: (1) issue summons as to Sheriff Thomas Dart, (2) attach a Magistrate Judge Consent Form to the summons for Defendant Dart, (3) send Plaintiff said Form and Instructions for Submitting Documents along with a copy of this order, (4) terminate Defendant Cermak Health Services of Cook County d/b/a/ Cook County, Illinois.

■[For further details see text below.]

Docketing to mail notices.

## STATEMENT

     Plaintiff, Percy Rounds, a pretrial detainee at Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.
     Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $5.83. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.
     Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of the complaint.
     Plaintiff alleges that in March of 2010, he began experiencing pain in his mouth due to a chipped tooth. Plaintiff submitted several request slips and grievances to see the dentist. Plaintiff finally saw the dentist on June 16, 2010, but received no treatment. On June 30, 2010, Plaintiff was prescribed antibiotics for an infection that resulted from the lack of dental care. On July 7, 2010, one of Plaintiff's teeth was pulled but he continued to suffer pain. Plaintiff submitted additional request slips and grievances and was seen by a different dentist in February of 2011. Plaintiff was informed that part of his chipped tooth remained in his gum; however, he still has not received dental care to remedy the situation.
     Plaintiff names Cook County Sheriff Thomas Dart; Cermak Health Services of Cook County d/b/a/ Cook County, Illinois; John Doe Dentist; and Jane Doe Dental Assistant. Plaintiff names Sheriff Dart (and presumably Cook County) in his official capacity. Claims filed against government officers in their official capacity are actually claims against the government entity for which the officers work. *See Kentucky v. Graham*, 473 U.S. 159, 167 (1985); *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007). A governmental entity is liable for damages under Section

| STATEMENT |
|---|

1983 only if the plaintiff can show that the alleged constitutional deprivation occurred as a result of an official policy, custom, or practice. *See Monell v. Department of Social Serv.*, 436 U.S. 658, 692 (1978) Unconstitutional policies or customs generally take three forms: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a usage or custom with the force of law; or (3) a constitutional injury was caused by a person with final policy-making authority. *Brokaw v. Mercer County*, 235 F.3d 1000, 1013 (7th Cir.2000). Plaintiff does not plead a policy, custom, or practice to hold the supervisory officials liable in their official capacity. Thus, Plaintiff has not stated a claim against Sheriff Dart or Cook County.

Plaintiff has named the unknown dentist and dental assistant as Defendants. When a plaintiff does not know the names of the persons who actually injured him, the law permits the court, at the pleading stage, to make an inference of responsibility on the part of the defendants' supervisor. *See Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981); *see also Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789-90 (7th Cir. 1995); *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996). Here, Plaintiff has named Sheriff Dart who can provide the names of the unknown Defendants once he is served with the complaint. After Plaintiff has obtained service on Sheriff Dart, and an attorney has entered an appearance on Dart's behalf, Plaintiff may send defense counsel interrogatories (that is, a list of questions) eliciting information regarding the identity of the Defendants who allegedly violated the plaintiff's constitutional rights. *See* FED. R. CIV. P. 33. After the Plaintiff learns the Defendants' identities, he may ask leave to amend the complaint to substitute their names for those of the John/Jane Does, and summons will then issue. Because there is a two-year statute of limitations for civil rights actions, Plaintiff is encouraged to attempt to identify the John/Jane Does as soon as possible. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cr. 1980).

The United States Marshals Service is appointed to serve Sheriff Dart. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendant. With respect to any former Cook County employee who can no longer be found at the work address provided by Plaintiff, Cook County shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must include the original and a judge's copy of all filings. In addition, Plaintiff must send an exact copy of any filing to Defendants or, if represented by counsel, to counsel for Defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Plaintiff must also insure all pleadings, written motions, and other papers submitted to the Court are signed pursuant to FED. R. CIV. P. 11(a). Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.